## In re CROWN OIL & WAX COMPANY OF DELAWARE, Debtor.

## WEXLER, WEISMAN, MAURER & FORMAN, P. C., Plaintiff,

### v.

## CROWN OIL & WAX COMPANY OF DELAWARE and Farmers and Mechanics National Bank, Frederick, Maryland, Defendants.

### Bankruptcy No. 74–1099 (Reopened).

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 12, 1981.

---

**16.** That hearing was attended by Messrs. Gilece, Stern and others.

Jon A. Baughman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for debtor.

Kenneth C. Lundeen, Smith, Somerville & Case, Baltimore, Md., for Farmers and Mechanics Nat. Bank.

Horace A. Stern, Wexler, Weisman, Forman & Shapiro, P. C., David T. Sykes, Duane, Morris & Heckscher, Philadelphia, Pa., for Wexler, Weisman, Maurer & Forman, P. C. (now Wexler, Weisman, Forman & Shapiro, P. C.).

James L. Lekin, Miles & Stockbridge, Baltimore, Md., David C. Schattenstein and Irving W. Coleman, Allentown, Pa., for Creditors' Committee.

**1.** Notes of Testimony at 19 (November 22, 1976). The plan was confirmed by order dated November 30, 1976. The plan has since been consummated.

**2.** This Memorandum constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

MEMORANDUM

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This Court, on its own motion reopened the estate of Crown Oil & Wax Company of Delaware [hereinafter referred to as Crown] by Bench Order entered November 28, 1979. On June 27, 1980, plaintiff, Wexler, Weisman, Maurer & Forman, P.C. [hereinafter referred to as Wexler], a law firm that formerly represented the debtor during Chapter XI proceedings, has filed a complaint to recover $25,000, the balance of its fee charged in connection with that proceeding, but immediate payment of which at confirmation was waived to enable the debtor to meet the payment schedule proposed under its plan, which was later confirmed.[1] Both named defendants, Crown and Farmers and Mechanics National Bank [hereinafter referred to as F & M], a creditor of Crown, filed a motion to dismiss the complaint, on which hearing was held. For reasons hereinafter given, we conclude that the complaint should be dismissed.[2]

The background for the reopening of the Crown estate is described fully in our separate opinion, entered in conjunction with this decision.[3] The purpose for this Court's reopening of that estate was to determine, as plaintiff and others had alleged, whether F & M's purportedly secured claim was in fact unsecured, and if so, whether that "fact" had been intentionally concealed by F & M, and, whether the rights of any general unsecured creditors were adversely affected.

First, we conclude that because the nature of the relief sought by Wexler is beyond the scope of this Court's purpose in reopening the Crown estate, the complaint should be dismissed.

**3.** *In re Crown Oil & Wax Company of Delaware,* —— B.R. ——, Case No. 74–1099 (reopened) (E.D.Pa. February 12, 1981).

■ Second, even if we were to consider plaintiff's complaint as an independent application to reopen the estate under Rule 515 of the Rules of Bankruptcy Procedure, we conclude that good cause does not exist to reopen the Crown estate for the purpose of collection of the remaining unpaid portion of Wexler's fee.[4]

Wexler's recourse is the appropriate action in another court of competent jurisdiction.

**4.** *See* Order dated April 13, 1977.